traveled by other vehicles. It is negligence for the railroad company to fail to give warning of the approach of the train to persons traveling on such road, so that they may take precautions to protect themselves. A failure so to do, where injury results therefrom, has been held many times by our courts to give rise to a cause of action. Whether in this case, by the use of ordinary care, a collision could have been avoided by the driver of a car driven at a rate of speed less than ten miles per hour, and a train which gave no warning but was approaching the crossing slowly, is a question for the jury. We think, for the reasons set out, that the court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion, the petition, properly construed (most strongly against the plaintiff), clearly shows that the plaintiff, by the exercise of ordinary care, could have avoided being injured. It follows that the general demurrer to the petition was properly sustained.

---

24285. WILLIAMS *v.* POWELL, receiver, *et al.*

GUERRY, J. This case is controlled by the decision in the case of *Lewis* v. *Powell, ante,* 129. *Judgment reversed. MacIntyre, J., concurs.*
BROYLES, C. J., dissents for the reason stated in his dissent from the judgment in *Lewis* v. *Powell,* supra.

DECIDED APRIL 15, 1935.

*Oliver & Oliver,* for plaintiff.
*Anderson, Cann & Dunn,* for defendants.

---

24538. LEWIS *v.* WARREN.